IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                                                  CRIMINAL NO. 1:05CR18-D

RICHARD MOORE

OPINION DENYING MOTION TO SUPPRESS

On September 2 , 2005, the Court heard testimony and oral argument in the above styled case addressing the Defendant Richard Moore's motion to suppress. Upon due consideration, the Court finds that the motion should be denied.

*A.  Factual Summary*

The following series of events led City of Amory Police Officer Bruce Andress and Monroe County Sheriff's Deputy Curtis Knight to file an affidavit to obtain a search warrant for the Defendant's residence in July of 2004:

After a series of burglaries in the Amory, Mississippi, area in the Summer of 2004, an acquaintance of the Defendant, Dustin Parker, confessed to the crimes and implicated the Defendant during a taped confession with police (Parker's attorney was present during the taped confession). Specifically, Parker related that the Defendant was in possession of several of the stolen items, and, most importantly for the case *sub judice*, Parker averred that the Defendant had taken pictures of some of the stolen items and had used a computer to put the items up for sale on an internet website.

Based on this information, Officer Andress and Deputy Knight sought and obtained a warrant authorizing a search of the Defendant's home for, *inter alia*, a "Gateway DS 400 Laptop Computer, serial # 0031755265"  and a "personal computer and components and thereof belonging to Richard Matthew Moore . . . to include 3 ½ floppy disc and CD's . . . <u>photographic images</u>, digital and film

related to Internet sales and purchases." The warrant was issued by Monroe County Justice Court Judge Andy K. Hood on July 4, 2004. The search warrant was executed and resulted in a number of items being seized; of particular importance in the case *sub judice*, the agents discovered photographic images of child pornography on Moore's computer. Moore was subsequently indicted by a federal grand jury for possession of child pornography and faces those charges in the case *sub judice*.

In the present motion, the Defendant attacks the validity of the subject search warrant on a myriad of grounds, asserting primarily that probable cause was lacking, that the search was overbroad, and that the affidavits contained false information.

### B. *Standard of Review*

When holding an evidentiary hearing on a motion to suppress where there was a warrant issued, the burdens of production and persuasion generally rest on the defendant. U.S. v. De la Fuente, 548 F.2d 528, 533 (5th Cir. 1977). This burden is measured by a preponderance of the evidence. U.S. v. Guerrero-Barajas, 240 F.3d 428, 432 (5th Cir. 2001). The defendant must make an initial showing of illegality and the government must then present rebuttal evidence. U.S. v. Richardson, 943 F.2d 547, 548-49 (5th Cir. 1991). The ultimate burden of persuasion rests at all times with the defendant. Id. at 549. However, there are some circumstances, not present here, where the government may bear the ultimate burden of persuasion. De la Fuente, 548 F.2d at 533-34.

### C. *Discussion*

#### 1. Probable Cause

The Fourth Amendment protects against illegal searches and seizures. U.S. Const. Amend.

IV. To effectuate this protection, a search warrant is to be issued by a neutral and detached magistrate when based on probable cause and supported by oath or affirmation. U.S. v. Cavazos, 288 F.3d 706, 709 (5th Cir. 2002). Probable cause may be established by (1) the direct observation of the officer who is applying for the warrant; or (2) hearsay information furnished by an informant. Illinois v. Gates, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). The determination of probable cause is evaluated under the totality of the circumstances. U.S. v. Dickey, 102 F.3d 157, 162 (5th Cir. 1996).

Probable cause requires only the probability, and not proof beyond a reasonable doubt, that criminal activity is afoot. U.S. v. Froman, 355 F.3d 882, 889 (5th Cir. 2004); U.S. v. Freeman, 685 F.2d 942, 949 (5th Cir. 1982). In other words, probable cause exists when the facts are "sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed and the person to be arrested or searched committed it." Froman, 355 F.3d at 889. However, probable cause "means something more than mere suspicion." Id.

A magistrate's determination of probable cause should be afforded "great deference." Gates, 462 U.S. at 236 (adopting the totality of the circumstances test). Such a determination is consistent with the Fourth Amendment so long as the magistrate makes "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and the 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238; U.S. v. Peden, 891 F.2d 514 (5th Cir. 1989). A reviewing court is simply to ensure the magistrate "had a substantial basis for . . . [c]oncluding that probable cause existed." Gates, 462 U.S. at 238-39.

Even assuming probable cause is lacking, the "good faith" exception may apply. If a warrant

is later found to be defective but the officer acted in good faith believing that the warrant was properly issued, there is no constitutional violation. U.S. v. Leon, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). Yet, there are four circumstances in which the good faith exception will not apply: (1) if the magistrate judge relied upon a deliberately or recklessly false affidavit; (2) if the magistrate wholly abandoned his judicial role; (3) if the warrant was based on an affidavit so lacking in any indicia of probable cause that any belief that probable cause existed would be unreasonable; and (4) the warrant is so facially deficient that the officer could not reasonably presume it to be valid. Leon, 468 U.S. at 923.

Clearly, in the case *sub judice*, on its face the subject warrant is supported by probable cause to believe a crime had been committed and that the Defendant was involved in its commission. The affidavits reflect in some detail that property stolen in a string of burglaries in Amory during the Summer of 2004 had been photographed and offered for sale on the internet by the Defendant; this information was given to the affiants by an individual who admitted, contrary to his own penal interest and in the presence of both the police and his attorney, to stealing the items at the direction of the Defendant. Based on these facts, the court finds that the issuing judge had a substantial basis for concluding that the warrant application established that probable cause existed that the Defendant's computer(s) would likely contain photographic images of items that had been reported stolen. The court finds that the foregoing facts alone are sufficient to support a finding of probable cause to search the Defendant's residence, seize his computer, and view the files on the computer. The validity of the warrant and the existence of probable cause is only reinforced and strengthened by the remaining supporting factual details testified to at the hearing by Officer Andress. In sum, the court finds that the subject warrant was supported by a specific written account of facts easily

amounting to probable cause.

## 2. False or Misleading Affidavits

In order to invalidate a warrant on the basis of a false or misleading affidavit, the defendant must show that the person applying for the warrant "either deliberately or recklessly misled the magistrate and that without the falsehood there would not be sufficient matter in the affidavit to support the issuance of the warrant." U.S. v. Davis, 226 F.3d 346, 351 (5th Cir. 2000). "The necessary falsehood can be perpetrated by omission as well as commission, but the omission must be of information that is not only relevant, but dispositive, so that if the omitted fact were included, there would not be probable cause." Id. at 351.

In the case *sub judice*, the Defendant challenges the affidavits used to obtain the subject search warrant as "false, fictitious swearing and wholly based on privileged information not waived by the holder of the privilege." Unfortunately, the Defendant does not identify how the information contained in the affidavits is false or what privileged information is contained therein. In any event, the Court does not find that any information contained in the affidavits is misleading or false. U.S. v. McCarty, 36 F.3d 1349, 1357 (5th Cir. 1994) (any misrepresentation must be material and intentional before a warrant is invalidated). Thus, the court finds that this asserted ground for suppression is meritless.

## 3. General or Overbroad Search

Once probable cause has been established and the magistrate is prepared to authorize a search, the warrant must describe with particularity the place to be searched and the things to be seized. U.S. Const. Amend. IV. The particularity requirement ensures that citizens' right to privacy is protected by guarding against a general rummaging through an individual's possessions. Go-Bart

Importing Co. v. U.S., 282 U.S. 344, 51 S. Ct. 153, 75 L. Ed. 374 (1931); Peden, 891 F.2d 514 (5th Cir. 1989). Though technical precision is not required, a warrant authorizing a roving search will not be upheld. U.S. v. Cook, 498 F. Supp. 1057, 1059 (S.D. Tex. 1980). One of the purposes of the Fourth Amendment's prohibition against a general search is to prevent officials from conducting an extensive exploration for "any evidence of a crime." U.S. v. Layne, 43 F.3d 127, 132 (5th Cir. 1995). The test of whether a search warrant is sufficiently particularized requires the court to "ask if the description in the warrant would permit an executing officer to reasonably know what items are being seized." Id. at 132. This test may be substantiated "with supporting affidavits if the warrant expressly refers to the affidavits." Id. However, under circumstances where "particularity is impossible, generic language, if it particularizes the types of items to be seized, would be permissible." Id.

Reviewing the subject warrant and the description of the place to be searched, the address of the Defendant's residence is plainly and precisely listed. Further, the warrant authorized a search of the Defendant's home for a "Gateway DS 400 Laptop Computer, serial # 0031755265" and a "personal computer and components and thereof belonging to Richard Matthew Moore . . . to include 3 ½ floppy disc and CD's . . . photographic images, digital and film related to Internet sales and purchases." This language alone is sufficiently particularized to guide the officers' discretion.

Given all the facts and in light of the nature of the allegations, the court finds that the warrant was clearly particularized enough to prevent a roving search of all the Defendant's possessions, and indeed such a roving search did not occur. Rather, the warrant authorized a search for a limited number and types of items, including photographic computer images. The fruits of the search were wholly consistent with the scope of the warrant. Resultantly, the court finds that the warrant was not

general in nature or overbroad. Davis, 226 F.3d at 352 ("There certainly was not the kind of discrepancy between the assertions in the affidavit and the scope of the warrant that would make it unreasonable for an officer to rely on the warrant."). In addition, it has long been established that law enforcement officers may seize anything they find in plain view. Horton v. California, 496 U.S. 128, 134, 110 S.Ct. 2301, 110 L. Ed. 2d 112 (1990); U.S. v. Santiago, 410 F.3d 193, 200 (5th Cir. 2005).

In sum, given all the information the officers possessed and the limiting language of the warrant, it clearly is not overbroad and did not result in a general search or a constitutional violation.

### 4. Other Asserted Reasons for Suppression

The Defendant cites several other conclusory grounds for suppression, including that the Defendant was not under arrest at the time of the search, that the search warrant was not signed by the issuing judge, and that attorney-client privileged information was improperly utilized in obtaining the warrant. The court finds that these grounds for suppression, as well as any other named grounds, are wholly without merit. The court is unaware of any requirement that a search only be conducted on those who have been arrested. As for the Defendant's assertion that the warrant was unsigned, the copy of the warrant that has been provided to the court has been signed and dated by the issuing judge. Finally, the Defendant properly notes that an attorney's client "has a privilege to refuse to disclose, and prevent his attorneys from disclosing, confidential communications between him and his attorney when the communications were made to obtain legal services." Nguyen v. Excel Corp., 197 F.3d 200, 206 (5th Cir. 1999). At the September 2, 2005, hearing on this matter, however, he did not state what attorney-client information was improperly revealed nor how the information was improperly used to obtain the warrant. Instead, he simply made a conclusory, oblique accusation that

such conduct had occurred. Indeed, the court finds that any evidence giving rise to probable cause contained in Dustin Parker's statement to police was based solely on his statements and not on any potential attorney-client information. Thus, the court finds that this ground for suppression, as well as the Defendant's other stated grounds for suppression, are not well taken and should be denied.

*D. Conclusion*

In light of the aforementioned authority, the court holds that the search warrant in this case was supported by probable cause and was based on proper affidavits. Additionally, the court finds that the search was conducted properly and was not overbroad. Lastly, the court finds that the Defendant's other objections to the search and the warrant are without merit. Accordingly, the Defendant's motion to suppress is denied in all respects.

A separate judgment in accordance with this opinion shall issue this day.

This the 6th day of September 2005.

/s/ Glen H. Davidson
Chief Judge