IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                  NO. 1:05CR018-GHD

RICHARD MOORE

## MEMORANDUM OPINION

This matter comes before the court on Defendant's motion for a new trial pursuant to Rule 33. The Government has responded and this matter is now ripe for review.

*A. Factual and Procedural Background*

On February 24, 2005, Defendant was indicted for possession of child pornography in violation of 18 U.S.C. § 2252. A jury was impaneled on November 28, 2005. After several days of testimony, the jury returned a guilty verdict. The Defendant promptly filed post-trial motions, including a motion for a new trial and a motion for acquittal. Each motion was denied. On April 25, 2006, the Defendant was sentenced to seventy months imprisonment.

The Defendant has now filed yet another motion for a new trial nearly three years after the jury's verdict. In support thereof, the Defendant asserts that he has new exculpatory evidence not previously presented to the court. Specifically, the Defendant offers an affidavit from an "eyewitness" who states that the illegal images of children were downloaded onto the computer by Holger Setzer, a foreign exchange student who had previously lived in the Defendant's home. The affiant states that she never told the Defendant about Setzer's activities and that she came forward only after learning that the Defendant had been convicted. The Defendant argues that this newly discovered information would have likely resulted in an acquittal if it had been produced during trial.

The Government opposes the motion and suggests that this information was before the jury. Furthermore, the Government argues that the motion does not meet any the elements of the *Berry* rule necessary to warrant a new trial. *See Berry v. Georgia*, 10 Ga. 511 ___, 1851 WL 1405 at *12 (1851).

### B. Standard for Review

Federal Rule of Criminal Procedure 33 provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion based on newly discovered evidence is to be filed within 3 years after the verdict. Fed. R. Crim. P. 33(b). Motions for a new trial based on newly discovered evidence are "disfavored and reviewed with great caution." *United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004) (citations omitted). Generally, there are five prerequisites that must be met to justify a new trial based on newly discovered evidence. *Id.* at 467 (elaborating on the *Berry* rule and citing *United States v. Erwin*, 277 F.3d 727, 731-32 (5th Cir. 2001)). The defendant must prove that

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial;
> (2) the failure to detect the evidence was not due to a lack of diligence by the defendant;
> (3) the evidence is not merely cumulative or impeaching;
> (4) the evidence is material; and
> (5) the evidence if introduced at a new trial would probably produce an acquittal.

*United States v. Severns*, 559 F.3d 274, 280 (5th Cir. 2009). In the absence of any one of the elements, the motion fails. *Wall*, F.3d at 467.

### C. Discussion

The Defendant claims that he was unaware of the newly discovered evidence at the time of trial. The Government argues that this is not newly discovered evidence because through out the trial

2

the Defendant maintained that Setzer, and not the Defendant, was responsible for viewing and downloading the prohibited images.

Indeed, this very issue was the subject of much testimony during trial and was presented as an argument in the Defendant's first motion for a new trial. During the trial, the Defendant's strategy was to deny responsibility for having downloaded the images and to point the finger at someone else with access to this computer. The jury heard testimony from several witnesses who stated that Setzer, as well as others, used the computer to view either adult or child pornography. *See* Trial Tr. 214-215, 218, 235, 241, 250-251. The jury considered the testimony and arguments and ultimately determined that the Defendant was guilty of possessing the illegal images.

Also, in the Defendant's first motion for a new trial he argued, *inter alia*, that "the government failed to prove that the Defendant put the images on his computer." The court denied the motion and noted, "[t]he Defendant put on proof that one of his foreign exchange students downloaded the images onto the computer." The issue was plainly before the jury. The affidavit currently being offered as new evidence is not at all new nor was it unknown at the time or trial

The Defendant next argues that his attorney has been diligent in attempting to obtain a statement from Setzer. Through his attempts, the Defendant's attorney discovered or located Sophian Blanc and obtained her statement. The Government points to testimony from defense witnesses who placed Setzer and Blanc in the Defendant's home. Trial Tr. 202, 227. Thus, the Defendant and his attorney were clearly aware of Blanc's existence at the trial and should have considered her a potential witness. The Defendant offers no reason why Blanc was not contacted or interviewed prior to trial or called as a defense witness during the trial. Stated differently, the Defendant has not demonstrated that his actions leading to discovery of Blanc's statement were

diligent.

Next, the Defendant must prove that the newly discovered evidence is not cumulative or impeaching. Since the Defendant's trial strategy was to blame someone else for the existence of the prohibited pornographic images on his computer, it is difficult to imagine how this affidavit is anything more than cumulative evidence. *United States v. Jackson,* No. 05-30252, 254 Fed. Appx. 434, 445 (5th Cir. Nov. 20, 2007) (unpublished) (finding affidavits offered as newly discovered evidence cumulative where the issue was before the jury).

The Defendant must also show that the newly offered evidence is material. Clearly, Blanc's testimony would been material to the defense strategy. The satisfaction of this element alone, however, does not warrant a new trial.

Finally, the Defendant must prove that the new evidence if introduced at a new trial would probably result in an acquittal. Given that substance of the affidavit was presented to the jury through other witnesses, it is highly unlikely that more of the same or similar proof would have resulted in an acquittal. Although Blanc's affidavit perhaps provides more specificity than was proffered at trial, the court is not prepared to hold that an acquittal would have been likely.

### D. Conclusion

The Defendant has fallen far short of the necessary demonstration to justify a new trial. For all the foregoing reasons, the motion will be denied.

A final judgment shall issue in accordance with this opinion.

This the 23rd day of April, 2009.

_____
SENIOR JUDGE

4