IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:05-cr-00018-GHD-1

RICHARD MOORE  DEFENDANT

MEMORANDUM OPINION DENYING
DEFENDANT'S *PRO SE* MOTION TO CHALLENGE CONDITIONS OF
POST-CONVICTION SUPERVISION

Presently before the Court are a motion [99] and amended motion [102] challenging conditions of supervised release filed by *pro se* Defendant Richard Moore (the "Defendant"). For the reasons stated below, the Court finds that the motions are not well taken and should be denied.

At trial, a jury found the Defendant guilty of one count of possession of child pornography transported in interstate commerce by means of a computer in violation of 18 U.S.C. § 2252A(a)(5)(B). The probation officer conducted a presentence investigation and calculated the Defendant's advisory Guidelines range to be 70 to 87 months of imprisonment and indicated that a term of supervised release of up to three years could be imposed pursuant to 18 U.S.C. § 3583(b)(2). The Defendant objected to his presentence report challenging the sufficiency of evidence at the trial level. The Court denied the objections and entered judgment.

The Court sentenced the Defendant to 70 months of imprisonment, to be followed by a three-year term of supervised release. With respect to supervised release, the Court imposed several special conditions. The Defendant argues that these conditions "leave[] no room [to] re-integrate into society but set[] [him] up for failure." Def.'s Mot. [99] at 4. After this Court requested that the Government respond to the Defendant's motions challenging the conditions of

1

his supervised release, the Government filed a response, maintaining that the conditions of the Defendant's supervised release are appropriate and reasonably relate to the Defendant's conduct; that from the Defendant's prior conduct and history as outlined in the presentence report it is clear that strict conditions of supervised release were warranted; and that the United States Probation Service has reasons to monitor the Defendant's compliance with those conditions carefully.

"The congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708–09, 120 S. Ct. 1795, 146 L. Ed. 2d 727 (2000). "A district court has wide discretion in imposing terms and conditions of supervised release. However, this discretion is limited by 18 U.S.C. § 3583(d), which provides that a court may impose special conditions of supervised release only when the conditions' are reasonably related to at least one of four specific § 3553(a) factors." *United States v. McGee*, — F. App'x —, 2014 WL 948508, at *4 (5th Cir. Mar. 12, 2014) (per curiam) (quoting *United States v. Carrillo*, 660 F.3d 914, 930 (5th Cir. 2011) (in turn quoting *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001) (internal quotation marks omitted) (internal quotation marks omitted))). "In addition to being related to at least one of the four factors, a condition of supervised release cannot involve a greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553." *United States v. Tang*, 718 F.3d 476, 482 (5th Cir. 2013) (quoting 18 U.S.C. § 3583(d)(2)) (internal quotation marks omitted). The four § 3553(a) factors are as follows: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need "to afford adequate deterrence to criminal conduct," (3) the need "to protect the public from further crimes of the defendant," and (4) the need "to provide the defendant with needed

[training], medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1) & (a)(2)(B)-(D).

The Defendant's special conditions of supervised release are as follows:

1. The Defendant shall participate in a program of mental health treatment and/or sex offender treatment which may include polygraph examinations, as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer.

2. The Defendant shall not possess or use a computer except that the Defendant may, with the prior approval of the probation officer, use a computer in connection with authorized employment.

3. The Defendant shall consent to third party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed upon the Defendant.

4. The Defendant shall provide the probation officer with any requested financial information to verify there have been no payments to an Internet server or entities which provide access to the Internet.

5. The Defendant shall submit to polygraph examinations at least once per year under the direction of the probation officer.

J.—Special Conditions of Supervision [63] at 4; Pet. & Order for Modification of Supervised Release [100]. The Defendant challenges these conditions as follows.

First, the Defendant argues that the prohibition against Internet access keeps him from seeking employment, because he is not able to "register, apply, follow-up and accept, [and] review job offerings" via the Internet and no one else may assist him in doing so. *Id.* at 2. In his amended motion, he states that he is now employed, but in "a job that is not in his professional trained field due to not being able to have and access . . . technology." Def.'s Am. Mot. [102] at 5–6. Second, he argues that he is "alienated from immediate family due to extreme distance of residence (800 miles)" and that "[t]he alienation from family and friends isolates [him] and

3

blocks his ability to have a continu[ou]s support structure for re-entry." Def.'s Mot. [99] at 2–3. Third, he complains that because of his fears that he will be asked if he has been near a minor and that a minor will speak to him, he cannot attend church, go shopping, enter any public place, or have or maintain intimate relationships. *Id.* at 3; Def.'s Am. Mot. [102] at 5. Fourth, the Defendant states that he fears that any potential employer, partner, spouse, or acquaintance "will not be involved due to the [five] years in prison clause in the signature section [of the Form PROB/PTS 25 entitled Supervision Report for Persons Charged with or Convicted of Sex Offenses]" and the special conditions of his supervised release, which "cast[] fear" and "impl[y] that Defendant is a sexual predator or child molest[e]r." Def.'s Mot. [99] at 3, 4; Def.'s Am. Mot. [102] at 5. Fifth, the Defendant maintains that his conditions of supervised release are harsh and states that "[i]f a rule is broken, there will be no grey area" and he will be "convicted of yet another crime . . . which he did not commit." Def.'s Mot. [99] at 5. Sixth, the Defendant complains about a polygraph examination conducted by the Mississippi Department of Mental Health. *See* Def.'s Am. Mot. [102] at 2–3. The Defendant attaches several exhibits to his motions, including a blank copy of the Form PROB/PTS 25, *see* [99] at 7, and a copy of his appeal brief dated September of 2009 with attachments, *see* [99] at 8–29.[1]

The Court finds that the Defendant's special conditions of supervised release are reasonably related to all four § 3553(a) factors and do not involve a greater deprivation of the Defendant's personal liberty than is reasonably necessary to further the goals of supervised release. The conditions are necessarily restrictive, given the nature and circumstances of the offense and the need to deter such criminal conduct. The conditions also protect the public from

---

[1] In a *per curiam* decision entered on April 19, 2010, The Fifth Circuit Court of Appeals affirmed this Court's denial of Defendant's motion for a new trial based on newly discovered evidence, finding that the "new evidence" was duplicative of testimony already introduced to and rejected by the jury, and thus, that his motion for a new trial was properly dismissed by this Court. *See United States v. Moore*, 373 F. App'x 492, 493 (5th Cir. 2010) (per curiam).

4

further crimes of the Defendant, especially the second, third, and fourth conditions. "[R]estriction on Internet and computer use are often imposed in cases involving child pornography, and [the Fifth C]ircuit has routinely upheld such restrictions." *United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013); *see United States v. Miller*, 665 F.3d 114, 126, 133–34 (5th Cir. 2011); *see also* U.S.S.G. Manual § 5D1.3(d)(7)(B) (2011) ("A condition limiting the use of a computer or an interactive computer service [is recommended] in cases in which the defendant used such items."). Further, the conditions provide the Defendant with medical care and other correctional treatment in the most effective manner, especially the requirements that Defendant participate in a program of mental health treatment and/or sex offender treatment and submit to regular polygraph examinations. The condition of participation in a program of mental health treatment and/or sex offender treatment is routinely imposed on defendants convicted of a sex offense. The Fifth Circuit has held that requiring submission to regular polygraph examinations is within the rights of the district court in sex offense cases. *See United States v. Cuneo*, 554 F. App'x 313, 317 (5th Cir. 2014) (per curiam); *United States v. Locke*, 482 F.3d 764, 767–68 (5th Cir. 2007). To the extent that the Defendant challenges the Form Prob/PTS 25, the Court finds that this form is reasonably necessary to the Defendant's supervised release, as it seeks information regarding sex offender registration status, overnight stays away from the Defendant's residence, contact with minors, alcohol consumption, computer and Internet usage, and pornography viewing. If the Defendant follows all the imposed conditions of his supervised release, he will be able to transition back into society.

For all the foregoing reasons, Defendant Richard Moore's motion [99] and amended motion [102] challenging conditions of supervised release are DENIED.

An order in accordance therewith shall issue this day.

THIS, the 16th day of July, 2014.

_____
SENIOR JUDGE